### Buck, executrix &c., *vs.* Buck.

The neglect of the sureties, in an appeal bond, to justify, according to the provisions of the 116th rule, where they are excepted to, does not render the appeal void, or prevent the appellant from bringing the case to a hearing upon the appeal. But if the sureties do not justify, within the time required by the rule, the respondent is at liberty to proceed upon the order or decree appealed from, before the vice chancellor, notwithstanding such appeal.

Where an executor appointed by a foreign tribunal files a bill in chancery here, and subsequently takes out letters testamentary in this state, he may state in his bill the fact of the granting of letters testamentary, in this state, by way of amendment. This is an exception to the general rule, that facts which have occurred since the filing of the bill must be brought before the court by supplemental bill, and not by way of amendment.

The devisees are the proper persons to file a bill for the specific performance of an agreement to convey to the testator lands subsequently devised to them; and the suit for that purpose cannot properly be instituted, in the court of chancery, by the personal representatives of the decedent; although the testator has, by his will, directed them to take such just and proper means as will insure a conveyance of the premises to the devisees,

THIS case came before the chancellor upon an appeal, by the defendant, from an order of a vice chancellor, allowing the complainants to amend their bill, and to retain a *ne exeat*, which had been issued upon the original bill. The object of the bill was to obtain the specific performance of an agreement to convey lands to the complainants' testator.

*W. North,* for the appellant.

*J. Dunn,* for the respondents.

THE CHANCELLOR. This is an appeal from a decision of the vice chancellor of the sixth circuit, refusing to discharge a *ne exeat,* and permitting the complainants to take out letters testamentary in this state, and to amend their bill so as to state that fact. The respondents have required the sureties in the appeal bond to justify, as authorized by the recent amendment of the 116th rule, and insist that the appeal could not be regu-

larly noticed for argument until the sureties had justified. In this the counsel for the respondents has mistaken the effect of the recent amendment of the rule. The only effect of that amendment is to prevent the appeal from operating as a stay of proceedings, for more than thirty days, unless the sureties, within that time, shall justify, as required by the rule, upon due notice to the respondent. And if the appellant does not wish the appeal to operate as a stay of proceedings, no such justification can be required, after the appeal bond has once been duly approved by the proper officer. The appellant, therefore, may notice the appeal for hearing, at any time after his appeal has been duly entered, whether the respondent does or does not give notice that he requires the sureties to justify upon due notice to him. But where such special justification is required, if the same is not had within the time specified in the rule, the appeal will not stay the respondent's proceedings upon the decree or order appealed from. In other words, the appeal is valid in such a case, but it does not stay the respondent from proceeding upon the decree or order appealed from.

The taking out letters testamentary here, if the bill was properly filed by the personal representatives of the decedent, was a matter of form merely, and the liberty to make such amendment, and to retain the ne exeat, would be a proper exercise of judicial discretion. Such an amendment is an exception to the general rule, that matters arising after the filing of the bill are not the proper subjects of amendment. (1 *Barb. Prac.* 207.) The difficulty of the complainant's case, however, is that, as to the only proper subject of equitable cognizance, the personal representatives of John Buck were not the persons to bring the suit. The decedent has devised the premises in controversy to his four sons; and they, in their character of devisees, are the proper persons to file a bill for a specific performance of the agreement to re-convey the lands in question, after the defendant should have received payment of the whole amount of his debt. It is true the decedent directs his personal representatives to take such just and proper means as will ensure a deed of the premises to the devisees. But that cannot authorize them to institute a suit here, for

Buck v. Buck.

a specific performance, in their own names; but the devisees, who are the real and only parties in interest, must themselves bring the suit.   In an action at law upon the covenant to reconvey, to recover damages for a breach of such covenant, the executrix and executors might be the proper persons to institute the suit; but in this court the devisees, who have by the will acquired all the testator's interest, either at law or in equity, in the land, cannot file a bill for a specific performance, in the names of the personal representatives, who have no interest whatever in the land in their characters of executrix and executors.

The surplus, alleged to have been received upon the sale of that part of the premises which was sold before the decedent's death, may be recovered in an action at law upon the covenant, or in an action for moneys had and received for the use of the testator.   And not being a proper subject of equitable cognizance, the complainants cannot come into this court for the mere purpose of obtaining equitable bail.   For these reasons, there is no equity in the complainants' bill which can sustain this ne exeat. The order appealed from must, therefore, be reversed on that ground, and the ne exeat must be discharged; but without prejudice to the right of such of the complainants as are devisees, to join with the other devisees in filing a new bill, in their characters of devisees, and to apply to an injunction master, or a vice chancellor, for a ne exeat, and also for an injunction to restrain the defendant from selling or incumbering the premises devised.

The question as to the right of the executrix and executors to institute this suit, for the benefit of the devisees, does not appear to have been brought to the notice of the vice chancellor.   I shall not, therefore, give the appellant costs upon the appeal.